UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TIMOTHY GUILLORY, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| v. § | CIVIL ACTION NO. H-07-1155 |
| § | |
| JK HARRIS & COMPANY, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court is the Motion to Dismiss filed by individual Defendant John K. Harris. After considering the parties' filings and the applicable law, the Court finds that the motion, Docket No. 15, should be and hereby is **GRANTED**.

### I. BACKGROUND

Plaintiffs bring this collective action under the Fair Labor Standards Act on behalf of themselves and all others similarly situated, for unpaid overtime wages and commissions. Taking the allegations of the Third Amended Original Complaint to be true, Plaintiff Timothy Guillory is a Texas resident who was employed by Defendants from September 7, 2004 to July 30, 2006 as a "tax consultant." Plaintiff Donald George Currier is a New Mexico resident who worked for Defendants from August 22, 2005 to August 22, 2006 as a "consultant."[1] Both Plaintiffs allege that Defendants unlawfully classified them as exempt employees for the purposes of federal laws requiring payment of overtime wages, when, in fact, they were non-exempt. Therefore, Plaintiffs claim that they worked overtime without required compensation in violation of federal law.

---

[1] Plaintiffs do not specify for which of the corporate Defendants they worked.

1

Plaintiffs also assert that they are owed wages in the form of earned commissions that have not been paid, in violation of Texas law. Plaintiff Guillory claims that he is owed $34,105.69 in commissions, while Currier estimates that he is owed $92,000.00. Further, Plaintiffs contend that Defendants currently employ over one hundred "covered" employees (defined as all tax consultants and consultants employed during the limitations period) who have also been denied overtime pay and earned wages.

The Third Amended Complaint names the following Defendants: 1) individual Defendant John K. Harris, who, Plaintiffs allege, owns and operates JK Harris & Company, LLC and its subsidiaries and affiliates; 2) JK Harris & Company, d/b/a JK Harris Financial Services, d/b/a JK Harris Financial Advisors, d/b/a JKH Holding Company; 3) JK Harris Debt Negotiation Services, LLC; 4) JK Harris Financial Recovery System, LLC; 5) JK Harris Small Business Services, LLC; 6) JK Harris Advisors, LLC; and 7) JK Harris & Company, LLC. All of the corporate defendants are South Carolina limited liability companies that do business in Texas. John K. Harris was added as an individual Defendant in the Third Amended Complaint.

Plaintiff's complaint states the following causes of action: 1) Fair Labor Standards Act collective action for overtime and record-keeping violations; 2) individual claims by Plaintiffs Guillory and Currier for unpaid wages in violation of the Texas Labor Code; and 3) individual claims by Plaintiffs Guillory and Currier for breach of contract. In addition, Plaintiffs seek attorneys' fees and costs under the Fair Labor Standards Act and the Texas Labor Code. Individual Defendant John K. Harris now moves to dismiss all claims against him for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II.	MOTION TO DISMISS

Defendant John K. Harris argues that Plaintiffs have failed to allege sufficient contacts with the state of Texas to establish personal jurisdiction over him in this forum. For the below reasons, the Court agrees.

In deciding whether to exercise personal jurisdiction over an out-of-state defendant in a federal question case, a district court "must first look to the service-of-process provisions of the federal statute from which the case arises. When the statute is silent as to service of process, as the FLSA is, the federal court may reach those entities that are subject to the jurisdiction of the state in which the district court sits." *Lovett v. Sanderson*, No. 98-30290, 1999 WL 500691, at *1 (5th Cir. June 18, 1999). Because the Texas Long Arm Statute is coextensive with the limitations of due process, questions of personal jurisdiction in Texas are generally analyzed entirely within the framework of constitutional due process. *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 373 (5th Cir. 2003).

The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a nonresident defendant when "(1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend 'traditional notions of fair play and substantial justice.'" *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The minimum contacts requirement can be met through contacts sufficient to confer either specific or general jurisdiction. *Cent. Freight Lines, Inc. v. APA Transp. Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). Specific

jurisdiction exists "[w]hen a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.* (internal quotation marks omitted). General jurisdiction can be exercised when a defendant's contacts with the forum state are substantial, continuous, and systematic, though unrelated to the litigation. *Id.*

Defendant Harris argues that his contacts with the forum state of Texas are insufficient to confer either specific or general jurisdiction. Although Defendant admits that he is president, chairman, CEO, and one of the owners of JK Harris & Co., LLC, he asserts that "with respect to the matters of which Plaintiffs complain, Harris did not enter or make any contact with the State of Texas. Nor has Harris had any contact with the Plaintiffs themselves. Indeed, as evidenced by the attached affidavit, Harris has almost no connection with the State of Texas." Def.'s Mot. Dismiss 2. Defendant contends further that "[b]ecause Harris has not 'purposefully directed' *any* contacts at Texas related to the issues in dispute, the exercise of specific jurisdiction over Harris is not justified in this case." *Id.* at 7.

Plaintiffs, on the other hand, insist that the Court can exercise specific jurisdiction over Defendant, based on four specific contacts with the forum state:

- **June 5, 2006 telephone call.** On or about June 5, 2006, Defendant Harris held a telephone conference attended by Plaintiff Guillory and other JK Harris & Co. employees, during which Harris discussed the change from commissions-only compensation to a salary-only system. Guillory was physically located in Houston during this call. In part because the change in compensation systems would allow JK Harris to retain the commissions Guillory had already earned on previous completed sales, Guillory refused to agree to the terms of the change. On July 30, 2006, Guillory's employment with Defendants was terminated.

- **Prior training calls.** During the term of Guillory's employment with Defendants, he and other JK Harris employees participated in three other telephone calls involving Defendant Harris. Each time, Guillory was located in

Houston. During the calls, Defendant Harris provided tax consultant training to JK Harris employees.

Plaintiffs point to no other contacts underlying their assertion of specific jurisdiction. The Court finds that these four telephone calls are insufficient to establish minimum contacts between Defendant and the present forum.

First, all four of the telephone conferences were actually *nationwide* calls directed not at the state of Texas, but at JK Harris employees all over the country. In an affidavit, Defendant states that he participated in the calls either from his home in Florida or from JK Harris's offices in South Carolina. Defendant did not call any office in any particular state, nor did he contact any employee directly. Rather, the conferences were all conducted by dialing into a 1-800 conference line number. Def.'s Reply, Ex. A (Aff. of Def. John K. Harris). The calls could not fairly be characterized, then, as being "purposefully directed" at the state of Texas, and neither do they seem to constitute "purposeful availment" of the state's benefits and protections.

Second, the three "training" calls do not appear to relate or to have given rise to Plaintiff's alleged injuries, which stem rather from certain employment policies that Plaintiffs claim violated state and federal law. While these three calls might contribute to a finding of general jurisdiction, they do not help to establish specific jurisdiction. Plaintiffs are left to rely, therefore, on a single nationwide telephone call, that was neither aimed specifically at Texas nor made directly to any Plaintiff. While admittedly related to the subject matter of Plaintiffs' claims, the June 5 call falls short of both the "purposeful availment" and the "purposely directed" tests. As Defendant Harris notes, the Fifth Circuit has declined to find personal jurisdiction in cases involving telephone calls and other contacts that were more extensive and more directly connected to the

5

litigation. *See, e.g., Aviles v. Kunkle*, 978 F.2d 201, 205 (5th Cir. 1992) (per curiam) (finding one telephone call and one letter insufficient to confer personal jurisdiction); *Stuart v. Spademan*, 772 F.2d 1185, 1192-94 (5th Cir. 1985) (finding no personal jurisdiction where contacts with a Texas resident included phone calls and letters, a contractual relationship, and product shipments). Additionally, personal jurisdiction cannot be based on the mere fortuity that a plaintiff resides in the forum state. *E.g., Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986); *Product Promotions, Inc. v. Cousteau*, 495 F.2d 483, 496 & n.23 (5th Cir.1974). The Court finds that by simply participating in a single nationwide conference call, Defendant Harris did not purposefully avail himself of the benefits and protections of the state of Texas.[2] There is therefore no basis for exercising specific jurisdiction.

Plaintiffs do not argue that Defendant Harris may be subjected to this Court's general jurisdiction, nor could they credibly do so. To make a prima facie showing of general jurisdiction, a plaintiff must produce evidence affirmatively demonstrating that the defendant's contacts with the forum state are substantial, continuous, and systematic. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 217 (5th Cir. 2000). This test is difficult to meet because it requires a showing of extensive contacts between the defendant and the forum state. *Submersible Sys., Inc. v. Perforadora Central, S.A. de C.V.*, 249 F.3d 413, 419 (5th Cir. 2001).

The Court must agree with Defendant that in this case, Plaintiffs have not alleged facts warranting the exercise of general jurisdiction. The three national training

---

[2] While there is a line of authority holding that even a single contact by a defendant with the forum state may be sufficient to establish specific jurisdiction, those cases generally involve allegations of fraud or other intentional torts. *E.g., Lewis v. Fresne*, 252 F.3d 352, 358-59 (5th Cir. 2001); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 213 (5th Cir. 1999).

telephone conferences alone do not constitute a showing of extensive contacts. Plaintiffs do not set forth any other possible connections between Defendant and the forum state, other than the fact that Defendant Harris is an officer of corporations that do business in Texas.[3] Defendant, on the other hand, submits an uncontroverted affidavit disclaiming *any* contacts with Texas during at least the last ten years. Def.'s Mot. Dismiss, Ex. A. The Court finds that Plaintiffs have failed to allege facts sufficient to support the exercise of general jurisdiction.

Because the Court has determined that Defendant Harris does not have minimum contacts with the state of Texas, it need not address the second prong of the personal jurisdiction test. The Court briefly notes, however, that the bulk of the arguments set forth by Plaintiffs would be irrelevant to that analysis. In order to determine whether the exercise of jurisdiction over a non-resident defendant would offend "traditional notions of fair play and substantial justice," a court must balance: (1) the burden on the defendant; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Asahi Metal Indus. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987); *Cent. Freight*, 322 F.3d at 384. In arguing that the Court may exercise jurisdiction over Defendant, Plaintiffs assert that, as part-owner of JK Harris & Co., Defendant has derived continued financial benefit from doing business in Texas and has enjoyed the protection

---

[3] Of course, "a corporation is, in law, a person or entity entirely distinct from its stockholders and officers," *J.J. McCaskill Co. v. United States*, 216 U.S. 504, 514 (1910), and "jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation . . .". *Balance Dynamics Corp. v. Schmitt Indus., Inc.*, 204 F.3d 683, 698 (6th Cir. 2000) (internal quotation marks omitted).

of Texas laws; that a parallel lawsuit against Defendant Harris personally in Florida would waste judicial resources; that Defendant Harris would likely be found liable in the present FLSA suit; and that the exercise of jurisdiction is warranted by "John K Harris' and his companies' checkered past . . .". Pls.' Resp. 6.

Only one of Plaintiffs' contentions – that duplicative litigation would be wasteful – relates to the *Asahi* factors listed above. Under *Asahi*, the Court need not consider Defendant's potential financial benefit as an officer of corporations doing business in Texas, and a corporation's officers are legally distinct from the corporation itself. *See supra* note 3. Further, the issue of personal jurisdiction is separate from, and antecedent to, any potential liability of Defendant Harris in a FLSA lawsuit.[4] Finally, Plaintiffs' intimations of alleged (and unrelated) wrongdoings by Harris personally, or by the corporate Defendants, are entirely beside the mark in the instant lawsuit generally, and in determining whether the Court may exercise personal jurisdiction. Therefore, even if the Court were compelled to conduct a "fair play and substantial justice" analysis, it would likely find most of Plaintiffs' arguments unpersuasive.

---

[4] In addition, and contrary to Plaintiffs' assertions, it is not at all clear to the Court that Harris's personal liability in an FLSA suit is a foregone conclusion. The Fifth Circuit has held, in a case relied upon by Plaintiffs, that "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984). It appears to the Court, however, that some development of the facts would be necessary to determine whether Defendant Harris had the requisite "operational control" over the corporate Defendants, and whether he "acts, or has the power to act, on behalf of the corporation vis-a-vis its employees." *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194-95 (5th Cir. 1983). In *Donovan v. Grim Hotel Co.*, the Court found that a hotel owner was an "employer" under the FLSA because of his extensive connections to and direct control over five hotels. *See Grim Hotel*, 747 F.2d at 972 ("In short, the hotels, speaking pragmatically, were Alberding's and functioned for the profit of his family."). At this early stage of the case, without a clearer picture of the exact nature and extent of Defendant Harris's relationship with the corporate Defendants, the Court cannot yet agree with Plaintiffs that "there is little doubt that under current case law, Mr. John K. Harris . . . would be held personally liable." Pls.' Resp. 6.

Because Plaintiffs have failed to establish sufficient minimum contacts between Defendant Harris and the state of Texas that would warrant the exercise of personal jurisdiction, the Court must dismiss all claims against Defendant Harris.

## III.  CONCLUSION

Defendant John K. Harris's Motion to Dismiss is hereby **GRANTED.** Plaintiffs' claims against Defendant Harris are hereby **DISMISSED WITHOUT PREJUDICE** to their refiling in another jurisdiction.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the 24th day of August, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.